IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| SHIRLEY IVY ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | |
| ) | |
| RIEXINGER & ASSOCIATES, LLC, ) | |
| and CROWN ASSET MANAGEMENT, ) | Jury Trial Demanded |
| LLC, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendants' numerous and multiple violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here and Plaintiff resides here.

### PARTIES

4. Plaintiff Shirley Ivy (hereinafter "Plaintiff") is a natural person who resides in Hamblen County, Tennessee, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Riexinger & Associates, LLC (hereinafter "Defendant Riexinger") is a limited liability company that consists of attorneys licensed to practice law in Georgia, and a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and may be served through its agent for service of process as follows: Stephen P. Riexinger, 2893 Meadowsweet Trail, Snellville, GA 30078-6611.

6. Defendant Crown Asset Management, LLC (hereinafter "Defendant Crown Management") is a "debt collector" as defined by 15 U.S.C. § 1692a(6) whose principal place of business is 3100 Breckinridge Blvd., Ste 725, Duluth, GA 30096-7605, and may be served through its agent for service of process as follows: Stephen P. Riexinger, 2893 Meadowsweet Trail, Snellville, GA 30078-6611.

## FACTUAL ALLEGATIONS

7. Defendants have alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a credit card debt allegedly originally owned and/or serviced by GE Money Bank (hereinafter "GE Money Bank").

8. After default, Plaintiff's debt was consigned, sold or otherwise transferred to Defendants for collection from Plaintiff.

9. The FDCPA prohibits false, deceptive, or misleading communications in connection with collection of a debt. 15 U.S.C. § 1692e.

10. Despite this prohibition, Defendant Riexinger sent misleading and deceptive communications to Plaintiff in connection with the collection of the debt that raised the

specter of potential legal action by using its law firm to collect the debt, although Defendant Riexinger had stated that it was not acting in its legal capacity when it sent the initial communication.

### *April 28, 2011 Collection Letter*

11. On or about April 28, 2011, Defendant Riexinger sent Plaintiff a collection letter dated April 28, 2011. ***Copy of the April 28, 2011 collection letter filed as Exhibit 1 to this Complaint (hereinafter "Doc. 1-1").***

12. The April 28, 2011 collection letter was sent in connection with collection of the debt and in an attempt to collect the debt, and is a communication as defined by 15 U.S.C. § 1692a(2).

13. The April 28, 2011 collection letter prominently displays the name, Riexinger & Associates, LLC, Attorneys at Law on the letterhead.

14. The April 28, 2011 collection letter was the initial communication in connection with collection of the debt by Defendant Riexinger.

15. The April 28, 2011 collection letter stated:

> "File No.:	747241
>  Account #:	6032203530954113
>  Current Balance:	$2,167.47"

16. The April 28, 2011 collection letter also stated that:

> "The firm of Riexinger & Associates, LLC is a law firm representing CROWN ASSET MANAGEMENT, LLC, the current creditor of the above referenced account which originated with GE Money. In this regard, the above referenced matter has been placed with us for collection and such action as necessary to protect our client.
>
> <u>At this time, no attorney with this firm has personally reviewed the particular circumstances of your account. However, if you fail to contact this office, our client may consider additional remedies to recover the balance due.</u>

(All capital letters in original) (emphasis added)

. . .

You are hereby given notice of the following information concerning the above referenced debt: 1. Unless, within 30 days after receipt of this notice you dispute the validity of this debt, or any portion thereof, the debt will be assumed valid by the creditor and by this Firm. 2. If you notify us in writing within said 30 days that the debt, or any portion thereof, is disputed, we will obtain verification of the debt, or obtain a copy any judgment against you, and we will mail such verification to you. 3. In addition, upon your written request within said 30 days, this Firm will provide the name and address of the original creditor if the original creditor is different from the current creditor. 4. This firm is attempting to collect a debt on behalf of the creditor and any information obtained will be used for that purpose. YOUR RIGHTS UNDER FEDERAL LAW TO REQUEST VERIFICATION OF YOUR OBLIGATION TO OUR CLIENT WITHIN 30 DAYS MUST BE ASSERTED IN WRITING AND IS NOT AFFECTED BY OUR REQUEST THAT YOU CONTACT OUR OFFICE BY TELEPHONE.

. . .

Riexinger & Associates, llc [sic] is acting as a debt collector and this is a communication from a debt collector, as defined by U.S.C. 1692 (A)(6) [sic].

. . .

This collection agency is licensed by the Collection Service Board, State Department of Commerce and Insurance, 500 James Robertson Parkway, Nashville, Tennessee 37243."

*False, Deceptive, Misleading, and Unfair Communication*

17. The prominent display of the name, Riexinger & Associates, LLC Attorneys at Law on Defendant Riexinger's letterhead, implies that attorneys, acting as attorneys, are involved in collecting the debt from the Plaintiff.

18. The least sophisticated consumer, upon receiving the April 28, 2011 collection letter, may reasonably believe that an attorney has reviewed her file and has determined that she is a candidate for legal action.

19. The disclaimer in the April 28, 2011 collection letter – "At this time, no attorney with this firm has personally reviewed the particular circumstances of your account" – fails to make clear to the least sophisticated consumer that Defendant Riexinger is acting solely as a debt collector and not in any legal capacity in sending the letter, and it does little to clarify Defendant Riexinger's role in collecting the debt because it completely contradicts the message conveyed by the prominent display of Defendant Riexinger's firm name and attorneys' names, which message is that Defendant Crown Management retained a law firm to collect the debt from Plaintiff.

20. Defendant Riexinger's April 28, 2011 collection letter violates 15 U.S.C. §1692e's prohibition against false, deceptive, or misleading communications because it falsely implies that attorneys, acting as attorneys, are involved in collection of Plaintiff's debt.

21. The statement in the April 28, 2011 collection letter – "However, if you fail to contact this office, our client may consider additional remedies to recover the balance due"— combined with the recitation of a 30-day time period after receipt of the collection letter to dispute the debt, presented two statements which would make the least sophisticated consumer confused and/or uncertain as to his rights, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and the combined statements both overshadowed and were inconsistent with the Plaintiff's right to dispute the debt, in violation of 15 U.S.C. § 1692g(b).

5
Case 2:12-cv-00178-RLJ   Document 1   Filed 04/28/12   Page 5 of 10   PageID #: 5

## Failure to Send a Written Notice Containing the Amount of the Debt
## Within Five Days After the Initial Communication

22. The April 28, 2011 collector letter was the "initial communication" by Defendant Riexinger with Plaintiff in connection with collection of the debt.

23. The April 28, 2011 collection letter stated that the creditor for the debt was Defendant Crown Management and the current balance owed on the debt was $2,167.27.

24. On June 2, 2011, Defendant Riexinger sent Plaintiff a collection letter that stated that the current balance owed on the debt was $2,181.81. *Copy of the June 2, 2011 collection letter filed as Exhibit 2 to this Complaint (hereinafter "Doc. 1-2").*

25. The June 2, 2011 collection letter was sent in connection with collection of the debt and in an attempt to collect the debt, and is a communication as defined by 15 U.S.C. § 1692a(2).

26. Within five days after Defendant Riexinger sent the April 28, 2011 collection letter to Plaintiff, Plaintiff had not paid the debt.

27. By stating in the April 28, 2011 collection letter that they had been hired to collect $2,167.27 from Plaintiff, and, thereafter, sending the June 2, 2011 collection letter stating that Plaintiff owed $2,181.8, Defendant Riexinger failed to correctly state the amount of the debt on April 28, 2011.

28. Defendant Riexinger's April 28, 2011 initial communication which disclosed the amount allegedly owing failed to list the balance owed and indicate any specifics about any charges or fees that may be associated with the debt and accruing on the balance owed, including the amount of (a) interest (with the applicable interest rate), (b) other fees, such as late fees, or (c) attorney fees.

29. Defendant Riexinger's April 28, 2011 initial communication which disclosed the amount allegedly owing did not expressly state as of what date the balance owed is due or what impact payment of the stated amount would have on the consumer's obligation to pay later-accruing interest or other charges, including late fees or attorney fees.

30. Within five days after the "initial communication" with Plaintiff in connection with collection of the debt in the form of the April 28, 2011 collection letter, and within one year prior to the filing of the original complaint, Defendant Riexinger failed to send Plaintiff a written notice that disclosed the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

31. By failing to state the amount due in the April 28, 2011 collection letter, and indicate any specifics about any charges or fees that may be associated with the debt and accruing on the amount due, including the amount of (a) interest (with the applicable interest rate), (b) other fees, such as late fees, or (c) attorney fees, Defendant Riexinger made a false, deceptive, and misleading representation of the amount of the debt in the April 28, 2011 collection letter, in violation of 15 U.S.C. § 1692e(2)(A), and the false representation of the character, amount or legal status of the debt is the use of a false, deceptive, and misleading representation or means in connection with collection of the debt to collect or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and an unfair means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f.

### *Respondeat Superior Liability*

32. In addition to its individual liability under the FDCPA, the acts and omissions of Defendant Riexinger as an agent for Defendant Crown Management and who communicated with Plaintiff as further described herein, were committed within the time

and space limits of its agency relationship with its principal, Defendant Crown Management.

33. The acts and omissions by Defendant Riexinger were incidental to, or of the same general nature as, the responsibilities it was authorized to perform by Defendant Crown Management in collecting consumer debts.

34. By committing these acts and omissions against Plaintiff, Defendant Riexinger was motivated to benefit its principal, Defendant Crown Management.

35. Defendant Crown Management is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors and omissions done in violation of federal law by the debt collectors employed as agents by Defendant Crown Management including, but not limited to violations of the FDCPA, in their attempts to collect the debt from Plaintiff.

*Summary*

36. The above-detailed conduct by Defendants in connection with collection of the debt, including, but not limited to the above-cited provisions of the FDCPA.

**TRIAL BY JURY**

37. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

# CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692 *et seq.*

38. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

39. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 *et seq.*, with respect to Plaintiff.

40. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff, in an amount to be determined at trial by a jury;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant, and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

04/28/12                                        Respectfully submitted,

                                                **SHIRLEY IVY**


                                                /s/       Alan C. Lee
                                                Alan C. Lee, Esq., BPR #012700
                                                PO Box 1357
                                                Talbott, TN 37877-1357
                                                (423) 736-0201
                                                info@alanlee.com